**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**JOSEPH BRADFIELD and PATRICIA**
**BRADFIELD,**

      **Plaintiffs,**

**v.**                                                **Case No: 5:13-cv-222-Oc-10PRL**

**MID-CONTINENT CASUALTY**
**COMPANY**

      **Defendant.**

---

## ORDER

This case involving claims for breach of contract and declaratory judgment arising from alleged construction defects in Plaintiff's home comes before the Court for consideration of several pending motions.

As alleged in the Complaint, Plaintiffs contracted with Winfree Homes Inc. and Horgo Signature Homes, Inc. to build and purchase a new residential custom home in Groveland, Florida on August 3, 2005. (Doc. 1, ¶ 6). Winfree Homes maintained a general liability policy through Defendant Mid-Continent Casualty Company to insure its acts and omissions in the construction of the Plaintiff's home. (Doc. 1, ¶ 8). In April 2012, Plaintiffs discovered latent construction defects materially affecting the structural integrity of the home, and sued the now-dissolved construction corporations, Winfree Homes, Inc. and Horgo Signature Homes, Inc. Plaintiff alleges that, despite knowledge of the insurance policies in effect at the time of construction, Defendant Mid-Continent failed to undertake the defense of its insureds. On March 11, 2013, Plaintiff obtained a Consent Final Judgment against awarding them

$696,108.00 in damages.  Plaintiff brings this suit against Defendant for breach of contract and declaratory judgment, arguing that Defendant is bound by and obligated to satisfy the Consent Final Judgment.  This case is set for trial in June, 2014, and is currently in the discovery phase. Under the Case Management and Scheduling Order, the current discovery deadline is February 28, 2014.  (Doc. 14)  Evidently the parties have had difficulty working together and meeting their obligations under the Federal Rules of Civil Procedure and the Local Rules.  Defendant Mid-Continent has filed three discovery motions that are before the Court.

First, Defendant moves to compel Plaintiffs to provide an adequate privilege log, or in the alternative to compel production of documents (Doc. 40).  Although Plaintiffs have provided a privilege log, Defendant seeks a more detailed log pertaining to email and fax correspondence between Plaintiffs and their counsel, Edward Jordan.  Defendant contends that the privilege log provided by Plaintiffs is insufficient and contains inadequate descriptions of the communications so that it is impossible to determine whether they are, in fact, privileged.  For example, Defendants note that the log contains information about the sender and recipient, the date, and subject (such as subject lines reading "house" or "family movers"), which Defendant claims is not adequate.  Defendant's motion does not contain any explanation regarding why the privileged documents are sought, or what relevance Defendant contends they may have to this litigation.

Despite fully briefing the other matters pending before the Court, Plaintiffs have not filed a response to Defendant's motion, which was filed December 18, 2013.  It is unclear whether the parties have resolved their dispute regarding the privilege log and communications between Plaintiffs and their counsel.  Consequently, Defendant's Motion to Compel and Adequate

Privilege Log (Doc. 40) is DENIED without prejudice to the Defendant's right to renew the motion if necessary at a later time.

Defendant has also moved to strike Plaintiffs' reply in support of their Motion for Partial Summary Judgment, arguing that the reply was filed a week late.  (Doc. 43).  Plaintiffs, however, respond that no specific deadline was given for filing their reply brief, and that it was necessary to consider 12 pages of objections raised in Defendant's Response (Doc. 36) in Opposition of the Motion for Leave to File Reply.  Accordingly, Defendant's Motion to Strike Plaintiffs' Reply (Doc. 43) is DENIED.

Finally, Defendants have filed a Motion to Compel, to Strike and for Sanctions (Doc. 42). In that lengthy motion, Defendants move to strike Plaintiffs' expert disclosures,  move to exclude each of the nine witnesses identified by Plaintiffs from testifying as experts, to compel production of "all documents responsive" to Defendant's discovery requests, and to compel that Plaintiffs "fully answer" Defendant's interrogatories.

As to each of Plaintiffs' identified experts and their Rule 26 reports, Defendant generally contends that Plaintiffs' "woefully failed to satisfy Rule 26."  (Doc. 42, p. 9).  With regard to witnesses Alan Lougheed, Michael Swidler, Cecile Clark, Hidalgo Rangel, Patrick Scott, John Shane, Ralph Vock, James Murphy, and Steven Lightcamp, Defendant argues that their reports are deficient.  Likewise, Defendant argues that it has not received all of the documents identified in the reports.  Defendant also argues that several of the witnesses were not previously identified in Plaintiff's initial disclosures, or answers to interrogatories, and they should be stricken on that basis.

The Court has reviewed the voluminous exhibits filed in support of Defendant's motion. With regard to the disclosures pertaining to Alan Lougheed and Michael Swindler, John Shane,

the Court finds those disclosures generally sufficient to meet the standards set forth in Federal Rule of Civil Procedure 26(a)(2). To the extent that the reports are deficient (as Defendant contends) in terms of containing complete lists of publications and previous cases in which the expert provided testimony, Plaintiffs are directed to supplement those disclosures within ten (10) days of the entry of this Order to conform with Rule 26(a)(2).

As Defendants observe, the disclosures pertaining to witnesses Cecile Clark, Hidalgo Rangel, and Patrick Scott, and Steven Lightcamp (Doc. 42, Exhibits U, V, W, and Y) consist of little more than estimates, invoices, or inspection reports. Plaintiffs concede, for example, that Patrick Scott has been identified only in "an abundance of caution," and that his testimony about Plaintiff's home is duplicative of Mr. Lougheed's testimony. Likewise, Plaintiffs concede that the testimony of Ralph Volk and James Murphy may be duplicative of Mr. Lougheed's, and that they have not yet prepared a written report.

Under Rule 26(a)(2)(B), witnesses must provide a written report meeting the requirements of the rule if they have been "retained or specifically employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." If a witness is not required to provide a written report, pursuant to Rule 26(a)(2)(C), the disclosures must state the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705, and a summary of the facts and opinions to which the witness is expected to testify.

It is not clear whether, for example, witnesses Volk, Murphy, Clark, Rangel, Scott and Lightcamp have been retained by Plaintiffs specifically to provide expert testimony, or rather whether they fall under Rule 26(a)(2)(C) because they simply have technical factual knowledge of Plaintiffs' home. If these witnesses fall under Rule 26(a)(2)(C), the disclosures as provided

by Plaintiffs may well be sufficient.  Accordingly, the parties are directed to confer in a good faith effort to clarify and resolve these issues, including specifically, whether these witnesses have been specifically retained to provide expert testimony, whether Plaintiff anticipates they will do so, and whether any of the witnesses will be withdrawn.  Plaintiffs are cautioned that their expert disclosures must comply in all respects with Rule 26(a)(2), and failure to comply may result in the disclosures and proposed testimony being stricken.

The Court is not inclined to strike Plaintiffs' experts on the basis that they were not previously disclosed, as is urged by Defendant.  As Plaintiffs argue, several of their witnesses were previously retained only as consulting experts and their reports were not previously subject to discovery.  Defendant's motion to strike Plaintiffs' experts on the basis of untimely disclosure is due to be denied.  The Court notes that discovery remains open, and that many of the issues currently in dispute may become moot, or otherwise resolved as the parties complete discovery and expert depositions.

Finally, Defendant has broadly moved to compel the Plaintiffs' answers to interrogatories, and provide "all documents" responsive to discovery requests.  Defendants specifically contend that Plaintiffs failed to fully respond to Interrogatory No. 1 requiring them to list all people known to them or their attorneys who have knowledge of their alleged damages and the alleged construction defects.  Defendants also seek to compel Plaintiffs to fully answer Interrogatory No. 2, asking Plaintiffs to list each item of damage and expense incurred as a result of the incident giving rise to this litigation.  The Plaintiffs' objections to these interrogatories are due to be sustained to the extent that they pertain to experts employed only for trial preparation under Rule 26(b)(4)(D).   Moreover, the Court notes that Plaintiffs have already provided amended answers to their interrogatories and stand by them as fully responsive.

Finally, Defendant moves to compel a full response to Interrogatory No. 9, which seeks the "name and addresses of all other persons who are believed or known by you, your agents or your attorneys to have any knowledge concerning any of the issues in the Underlying Action and/or the Coverage Action." Plaintiffs contends that they have already fully responded to this interrogatory by identifying persons whom they believe may have knowledge, and that all relevant documents have been produced and that additional discovery is ongoing. Plaintiff also argues that this interrogatory is overly broad. The Court agrees. Under these circumstances, Defendant's motion to compel is due to be denied.

For the reasons discussed above, Defendant's Motion to Compel, to Strike, and for Sanctions (Doc. 42) is due to be denied at this time. Within ten (10) days of the entry date of this Order, counsel for the parties are directed to confer either **in person or telephonically** in a good faith effort to resolve the disputes raised by Defendant's motion, and to specifically address the issues explained above. It is evident from the parties' pleadings and correspondence that counsel has failed to comply meaningfully with the Local Rules. Therefore, all future Rule 3.01(g) conferences shall occur only by **telephone** or **in person**. If the Court finds that the parties are not engaging in meaningful telephone conferences, it will require all Rule 3.01(g) conferences be conducted in person.

Either party may file a renewed motion addressing these issues at a later time, however, any future motion to compel, strike or for sanctions should (1) detail the efforts counsel has made to resolve the dispute as required by Rule 3.01(g); and (2) state with specificity the issues needing resolution.

Upon due consideration, and subject to the qualifications discussed above, it is **ORDERED** that:

(1) Defendant's Motion to Compel an Adequate Privilege Log (Doc. 40) is **DENIED** without prejudice;

(2) Defendant's Motion to Strike Plaintiffs' Reply (Doc. 43) is **DENIED**; and

(3) Defendant's Motion to Compel, to Strike, and for Sanctions (Doc. 42) is **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on January 22, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties