**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

JOSEPH BRADFIELD and
PATRICIA BRADFIELD,

        Plaintiffs,

Case No: 5:13-cv-222-WTH-PRL

vs.

MID-CONTINENT CASUALTY COMPANY,

        Defendant.
_____/

**MCC'S RESPONSE IN OPPOSITION TO THE PLAINTIFFS' MOTION FOR RULING**

In accordance with Middle District Local Rule 3.01(b), Mid-Continent Casualty Company ("MCC"), responds in opposition to the Bradfields' Motion for Ruling. [D.E. 146]. For the reasons stated below, this Court should deny the requested relief.[1]

MCC opposes the motion's requested relief because of the Bradfields' request to have the Court consider and enter a ruling on their initial dispositive motion despite superseding it with an amended dispositive motion[2] and because, as stated in MCC's Request for Oral Argument, MCC believes oral argument on the Bradfields' amended dispositive motion and MCC's dispositive motions regarding Horgo Signature Homes and Winfree Homes will assist the Court.

The Bradfields' motion heavily relies on *Carithers v. Mid-Continent Cas. Co.*, 782 F.3d 1240 (11th Cir. 2015). Although the cases contain crucial factual differences including but not

---

[1] Instead of filing a Notice to the Court in accordance with Middle District Local Rule 3.01(h), the Bradfields filed their Motion for Ruling, which not only violates Local Rule 3.01(g) but also contains arguments which violate Local Rule 3.01(c).

[2] Mid-Continent will be prejudiced if the Court considers the Bradfields' thirty-seven page initial dispositive motion, which was filed in violation of Local Rule 3.01(a) because Mid-Continent's response was limited to addressing the arguments contained in the Bradfields' twenty-five page amended dispositive motion.

limited to the underlying complaints' allegations and whether MCC had a duty to defend and indemnify non-insured Horgo Signature Homes, the Bradfields nevertheless contend the Eleventh Circuit "made three important rulings" which the Bradfields believe "adversely interpret[ed], reverse[d], distinguish[ed] or establish[ed] new law contrary to the Defendant Mid-Continent's opposition." [D.E. 146, Page 2]. The fallacy of that argument is readily apparent when reviewing the Bradfields' underlying complaint, the Eleventh Circuit's decision in *Carithers* and the cases cited in MCC's response to the Bradfields' amended dispositive motion. [D.E. 32].

The first issue the Eleventh Circuit addressed in *Carithers* was whether a duty to defend existed. While the duty to defend is an issue before this Court, the Eleventh Circuit clearly and unambiguously stated that "we limit our holding to the facts of this case, and express no opinion on what the trigger should be where it is difficult (or impossible) to determine when the property was damaged." *Carithers*, 782 F.3d at 1247. Also negating the impact of *Carithers*' duty to defend analysis, is regardless of what trigger theory is applied, the Bradfields' underlying complaint did not allege property damage so MCC had no duty to defend Winfree Homes. *See* [D.E. 32, Sections C through E, Pages 7 through 13].

*Carithers*' relevance to the Bradfields' amended dispositive motion is further diminished as contrary to the Bradfields' assertions because the Eleventh Circuit did not address the overwhelming majority of issues pending before this Court. *Carithers* consequently has no impact on the applicability of decisions MCC relied on like *Fun Spree Vacations, Inc. v. Orion Ins. Co.*, 659 So. 2d 419, 421–22 (Fla. 3d DCA 1995), which held inferences do not create a duty to defend. Nor did the Eleventh Circuit's decision impact MCC's reliance on *Home Owners Warranty Corp. v. Hanover Ins. Co.*, 683 So. 2d 527, 528 (Fla. 3rd DCA 1996), which not only held there was no duty to defend after examining an underlying complaint whose allegations

were strikingly similar to those in the Bradfields' underlying complaint but also rejected the Bradfields' argument that a duty to defend exists when an underlying complaint merely asserts a house has "damages." *See also Auto Mobility Sales, Inc. v. Praetorian Ins. Co.*, No. 14–CV–80094, 2015 WL 3970578, *3 (S.D. Fla. June 30, 2015) (relying on *Fun Spree* when stating inferences are insufficient to trigger a duty to defend). In fact, when the Eleventh Circuit reversed the trial court's ruling that the house contained property damage in certain areas the appellate court explicitly relied on *Amerisure Mutual Ins. Co. v. Auchter Co.*, 673 F.3d 1294 (11th Cir. 2012). *Auchter* is a case MCC relied on in this case when it argued the Bradfields' underlying complaint does not allege property damage, even when it included buzz words like the phrase "structural integrity." *Compare Carithers*, 782 F.3d at 1249-51 *with* [D.E. 32, Pages 8-9]. This Court should consequently reject the Bradfields' argument that *Carithers* negates all of the cases MCC relied on when opposing their amended dispositive motion.

In addition to misstating *Carithers*' relevance on the issue of whether MCC had a duty to defend Winfree Homes, the Bradfields also erroneously contend that if the Court holds a duty to defend exists then the "the only triable issues would be whether (1) coverage exists for the claim and (2) the settlement was objectively reasonable and made in good faith." [D.E. 146, Pages 2-3]. To begin with, *Carithers* did not address allocation and no court has receded from *Trovillion Const. & Dev., Inc. v. Mid–Continent Cas. Co.*, No. 6:12–cv–914–Orl–37TBS, 2014 WL 201678, *8-9 (M.D. Fla. Jan. 17, 2014), holding that the inability to allocate between covered and uncovered damages precludes any recovery. Thus, even if this Court holds a duty to defend Winfree Homes existed, and assuming this Court holds any of the Bradfields' purported damages are covered, the Court would still need to address MCC's argument that the failure to allocate between covered damages caused by Winfree Homes on the one hand and uncovered damages

caused by non-insured Horgo Signature Homes and Winfree Homes on the other hand is fatal to the consent judgment's enforcement.

Yet another issue not addressed in *Carithers* but would still need to be addressed by this Court even if it holds a duty to defend Winfree Homes existed is whether Mid-Continent is correct that Mr. Swidler, who solely prepared the scope of work the consent judgment is based on, and Mr. Lougheed and Mr. Rangel, who prepared estimates after the consent judgment was entered into, are not qualified to testify under *Daubert* and documents they prepared should be stricken based on relevancy, *Daubert* and Federal Rule of Evidence 403.  *See* [D.E. 83, 88 and 130].  A ruling on this issue is crucial because under *Daubert* the Court serves as a gatekeeper regarding the admission of evidence and "[w]hat *Coblentz* does not do is authorize the insured to indiscriminately load the carrier's wagon with bricks of damage that no reasonable person would expect as consequences of the underlying claim." *Bond Safeguard Ins. Co. v. National Union Fire Ins. Co. of Pittsburgh*, No. 6:13–cv–561–Orl–37DAB, 2014 WL 5325728, *9 (M.D. Fla. Oct. 20, 2014) (quoting *Wrangen v. Pa. Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1279 (S.D. Fla. 2008)).

WHEREFORE Mid-Continent Casualty Company respectfully requests that this Court deny the Bradfields' Motion for a Ruling and either grant Mid-Continent's pending Request for Oral Argument or enter a ruling on the motions identified in the Court's August 15, 2014, Order and grant such further relief as the Court deems appropriate.

    Respectfully submitted,

    <u>s/MELISSA A. GILLINOV</u>
    Ronald L. Kammer
    Florida Bar No. 360589
    rkammer@hinshawlaw.com
    Melissa A. Gillinov
    Florida Bar No. 011892
    mgillinov@hinshawlaw.com
    HINSHAW & CULBERTSON LLP

2525 Ponce de Leon Blvd., 4th Floor<br>
Coral Gables, Florida 33134<br>
Telephone: 305-358-7747<br>
Facsimile: 305-577-1063<br>
*Counsel for Mid-Continent Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

s/MELISSA A. GILLINOV<br>
Melissa A. Gillinov

15097378v1 0946262