UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOSEPH BRADFIELD, and
PATRICIA BRADFIELD
      Plaintiffs,                       CASE NO.: 5:13-CV-222-WTH-PRL

v.

MID-CONTINENT CASUALTY
COMPANY,
      Defendant.
_____/

## PLAINTIFFS' OBJECTION TO AND MEMORANDUM IN SUPPORT OF OBJECTION TO DEFENDANT'S VERIFIED MOTION TO TAX FEES AND COSTS (D.E. 153)

**COMES NOW**, Plaintiffs, JOSEPH BRADFIELD and PATRICIA BRADFIELD, by and through their undersigned counsel, and hereby file their Objection and Memorandum in Support of Objection to Defendant's Motion to Tax Fees and Costs ("Motion"),  and state as follows:

### I.      PRELIMINARY STATEMENT:

On November 20, 2015, this Court entered its Summary Judgment which granted Mid-Continent's motion for summary judgment and denied Plaintiff's motion for partial summary judgment (D.E. 151). Thereafter, on November 16, 2015, a judgment was entered in Mid-Continent's favor. (D.E. 152)  Although Mid-Continent was the prevailing party, it did not recover anything from Plaintiffs.

Mid-Continent filed its Motion on November 30, 2015, wherein it seeks recover of its fees and costs incurred in this action on the basis of a September 12, 2014 Offer of Judgment served on Plaintiffs pursuant to Fed. R. Civ. P. 68 and Fla. Stat. §768.79 (2014).

Mid-Continent mistakenly argues that it is entitled to recover its reasonable attorneys' fees in the amount of $312,310.50 that were incurred from September 12, 2013, through the date

of the Court's judgment entered on November 16, 2015, because "the Bradfields failed to accept Mid-Continent's offer of judgment." (D.E. 153, pg. 9)  Mid-Continent has not sought recover under Fed. R. Civ. 68.

For the reasons stated below, Mid-Continent's Motion for fees must be denied.

## II.    <u>ARGUMENT</u>

### 1. The Offer Of Judgment Is Invalid As A Matter Of Law Because It Is A "Joint" Offer.

Mid-Continent concedes that the substantive law of the State of Florida controls whether its offer was a valid Offer of Judgment under Fla. Stat. §768.79.  In this context, the Florida Supreme Court has ruled that a joint offers of settlement that are conditioned on the mutual acceptance of all offerees are invalid and unenforceable for purposes of imposing attorney's fees pursuant to the offer of judgment statute because neither offeree can independently evaluate or settle his or her respective claim by accepting the proposal. *See e.g., Attorneys' Title Insurance Fund, Inc. v. Gorka,* 36 So.3d 646 (Fla. 2010); *Paduru v. Klinkenberg*, 157 So.3d 314 (Fla. 1st DCA 2014) and *Chastain v. Chastain*, 119 So.3d 547 (Fla. 1st DCA 2013); *Schantz v. Sekine*, 60 So.3d 444 (Fla. 1st DCA 2011).

In *Schantz,* a joint settlement proposal was held to be invalid because both plaintiffs were required to execute a general release and dismiss the case as a condition of settlement. Even though the proposal in *Schantz* apportioned the settlement amount among the parties, the proposal was invalid because of the Gorka rule that "effectively eliminates the ability to make joint offers." *See also* Audiffred v. Arnold, 161 So. 3d 1274, 1279, (Fla. 2015); *Chastain v. Chastain,* 119 So.3d 547 (Fla. 1st DCA 2013).

Likewise, in *Paduru,* the District Court of Appeals held that a joint offer of settlement was unenforceable in Florida and, in reliance on the Florida Supreme Court's ruling in *Gorka, ruled:*

> It is now a well settled principle, espoused in our previous decisions as well as those from sister districts, that offers of judgment must strictly comply with section 768.79 and rule 1.442, with any drafting deficiencies being construed against the drafter.
>
> …
>
> [A]n offer of judgment must be structured such that either offeree can independently evaluate and settle his or her respective claim by accepting the proposal irrespective of the other parties' decisions. Otherwise, a party's exposure to potential consequences from the litigation would be dependently interlocked with the decision of the other offerees.

*Id*. at 317.

The same prohibition against joint offers applies even if the offeror or offerees are husband and wife. *See* Feldkamp v. Long Bay Partners, LLC, 2012 U.S. Dist. LEXIS 127995, 2012 WL 3941773 (M.D. Fla. Sept. 10, 2012).

It cannot be denied that Mid-Continent's Offer of Judgment  was made to both Joseph Bradfield and Patricia Bradfield, as joint offerees, and expressly conditioned their acceptance of the offer upon both Joseph Bradfield and Patricia Bradfield accepting the offer and executing and providing Mid-Continent with a full and complete release of all claims related to this matter. The controlling language of Mid-Continent's offer provides:

> Mid-Continent Casualty Company ("MCC") makes this Offer of Judgment (the "Offer") to **Joseph and Patricia Bradfield (the "Bradfields" or "Bradfield"**):
>
> 1. The Offer is made by MCC to the **Bradfields** pursuant to Rule 68 of the Federal Rules of Civil Procedure and Florida Statute §768.79.
>
> …

3.     The Offer resolves all claims that the **Bradfields** asserted or could have MCC in connection with the complaint, and under the Horgo Enterprises, Inc. ("Horgo Enterprises") and Winfree Homes, Inc. ("Winfree") policies of insurance issued by MCC.

4.     The **Bradfields'** acceptance of this Offer is contingent upon: **(1) the Bradfields providing MCC with a full and complete release of all claims that the Bradfields had, have, or that they could have asserted against Horgo Enterprises, Winfree, and/or MCC … ; and (2) by the filing of a full and complete satisfaction of any and all Final Judgment(s)/Consent Judgments they <u>jointly</u> obtained against Horgo Signature Homes, Inc. and/or Winfree in connection with the Underlying Action.** (Release is attached as Exhibit "A").

5.     **The total amount of the Offer to the Bradfields** is Seven Thousand Five Hundred Dollars ($7,500) and includes all claims for attorney's fees paralegal fees, interest and costs. …

D.E. 153, Ex. "A"  (emphasis added)

Much like the *Schantz* offer, Mid-Continent's offer is invalid because neither Joseph nor Patricia Bradfield could independently accept the offer without the other joining in the release and agreeing to the terms of settlement.  Mid-Continent's 768.79 offer is deemed to be a "joint offer" in the context of Florida's offer of settlement statute and; therefore, invalid.

2.     **Defendant Seeks Recover Of Fees Not Otherwise Allowable And Unreasonable.**

In the unlikely event that the Court finds Defendant's offer of judgment to comply with Section 768.79, Plaintiffs request leave of court to challenge the reasonableness of the fees, as the invoices attached indicate that Defendant's counsel is seeking recovery of travel time, secretarial time, administrative time, meals and other "fees" that, as a matter of Florida law are not recoverable.

3.      **Defendant's Claim For Costs Must Be Limited To Those Allowed Under 28 U.S.C § 1920.**

Plaintiffs acknowledge that Rule 54 provides for the recovery of certain limited costs incurred by the prevailing party in a federal civil action, however, those taxable costs are limited to those costs set forth in 28 U.S.C § 1920.   In this regard, Plaintiffs' request additional  time to fully analyze the costs requested by Mid-Continent, as the invoices attached to the Motion show numerous costs not otherwise permitted under the Rule.

Specifically, invoices for depositions show fees for a "cd package" and "expedited shipping" (Exs. "G" and "H"); condensed transcripts (Ex. "I"); rush service charges for depositions of witnesses (Ex. "K").  Plaintiffs hereby request an additional time to calculate and review all the exhibits relating to costs for purposes of consenting to the amount taxable.

### III. CONCLUSION

**WHEREFORE,** Defendant's offer of judgment under Section 768.79 is invalid as a matter of law, and Mid-Continent must take nothing under its claim for attorneys' fees.  Should the Court find otherwise, Defendants hereby request additional time to retain their own fee expert to challenge the reasonableness of the fees being sought.  Plaintiffs also request additional time to review the cost invoices provided by Defendant to determine what is "taxable" under 28 U.S.C § 1920.

Respectfully submitted this 16th day of December, 2015.


_____
EDWARD P. JORDAN, II
Florida Bar No. 602711
Edward P. Jordan, II, P.A.
1460 East Highway 50

Clermont, Florida, 34711
Telephone:  352-394-1000
Attorney for Plaintiffs
pleadings@epjordanlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via by Email to: Melissa A. Gillinov, Esq. at mgillinov@hinshawlaw.com, DPhangSang@hinshawlaw.com; EFernandez@hinshawlaw.com; rkammer@hinshawlaw.com, on this on the 16th day of December, 2015.

_____

Edward P. Jordan, II

Litigation/Bradfield/Mid-Continent/Federal/Resp. Mtn for Fees.doc