UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOSEPH BRADFIELD, and
PATRICIA BRADFIELD
    Plaintiffs,                                  CASE NO.: 5:13-CV-222-WTH-PRL
v.

MID-CONTINENT CASUALTY
COMPANY,
    Defendant.
_____/

**PLAINTIFFS' SUR-REPLY IN OBJECTION TO DEFENDANT'S
REPLY IN SUPPORT OF ITS VERIFIED MOTION TO TAX
ATTORNEY'S FEES AND COSTS (D.E. 160)**

**COME NOW**, Plaintiffs, JOSEPH BRADFIELD and PATRICIA BRADFIELD, by and through their undersigned counsel, and hereby file their Sur-Reply In Objection to Defendant's Reply in Support of Its Verified Motion to Tax Attorney's Fees and Costs ("Reply")(D.E. 160), and state as follows:

    I.    The Offer Of Judgment Is Unenforceable As A Matter Of Law Because It Is A Joint Offer Conditioned Upon The Both Parties Execution of a Joint Release.

              a.    **The Failure To Not Allocate Damages Between Covered And Uncovered Damages Under The Insurance Policy Does Not Create A Basis To Enforce The Joint Offer Of Judgment.**

Defendant mistakenly claims that this Court's Order Granting Motion for Summary Judgment ("the Order") (D.E. 151) found that the award in the underlying state court action was an unallocated sum to both Mr. and Mrs. Bradfield, such that the "unallocated sum" resulted in a neither Plaintiff being required to independently evaluate the offer and independently execute the general release attached to its Offer of Judgment. Defendant's argument misconstrues the court's ruling in its Order wherein it stated:

:

> [T]he Bradfields would have this Court review numerous estimates, listing nearly 50 different categories of damages and repair work, and attempt to reconcile these varying amounts to determine not only what types of work would be covered property damages under the Winfree Policy, but what amounts should be attributed to each such category. The Court will not engage in such futile work. The Bradfields have failed to meet their burden, and this inability to allocate damages precludes recovery. (*Id.*)

Defendant's attempt to re-define the Court's ruling on allocation of damages is as wrong as is its reliance on the *Loxahatchee River Envt. Control Dist. V. Guy Villa & Sons, Inc.*, 371 so.2d 111, 113 (Fla. 4th DCA 1979) decision which was strictly limited to an arbitration award denying attorneys' fees and entirely unrelated to any offer of judgment whatsoever. *Id.* Furthermore, *Loxahatchee* was receded from thirteen years later in *Pierce v. J.W. Charles- Bush Securities, Inc.*, 603 So.2d 625 (Fla. 4th DCA 1992). Likewise, Defendant's reliance on the District Court's opinion in *Canada, Inc. v. Dew Drop Farms, Inc.*, 2007 WL 2238143 (M.D. Fla. 2007), wherein the party's attempt to allocate a judgment was denied "without prejudice". As in *Loxahatchee*, the *Canada* court was not asked to rule on the enforceability of a conditional joint-offer of judgment.

### b. Defendant's Conditional Joint Offer is Simply Unenforceable Under Florida Law.

Defendant compounds its misguided "unallocation of damages" argument with its erroneous reading of the Florida Supreme Court's decision in *Audiffred v. Arnold*, 161 So.3d 1274 (Fla. 2015), wherein the high court rejected a joint offer and held:

> The purpose of the apportionment requirement in the rule is to allow each offeree to evaluate the terms and the amount of the offer as it pertains to him or her. *See id.* at 278 (quoting *Allstate Ins. Co. v. Materiale*, 787 So. 2d 173, 175 [1279] (Fla. 2d DCA 2001)). On more than one occasion, the Fourth District has referred to the requirement as a "bright line rule," to be applied without exception. *See Cano v. Hyundai Motor America, Inc.*, 8 So. 3d 408, 411 (Fla. 4th DCA 2009); *Graham v. Peter K. Yeskel 1996 Irrevocable Trust*, 928 So. 2d 371,

373 (Fla. 4th DCA 2006). Strict application of the requirement has resulted in the invalidation of offers of judgment where ... one defendant presented an offer to two plaintiffs that was conditioned upon the acceptance of both plaintiffs, *see Attorneys' Title Insurance Fund, Inc. v. Gorka*, 36 So. 3d 646, 647-48 (Fla. 2010). We held that the proposal in *Gorka* was invalid because the conditional nature of the offer divested each plaintiff of independent control over the decision to settle. Id. at 649.

Likewise, as stated in *Rossmore v. Smith*, 55 So. 3d 680, 681, (Fla. 5th DCA 2011), offers of judgment conditioned on another party's acceptance are invalid because "[t]he conditional nature of the offer divests each party of independent control of the decision to settle, thereby rendering the offer of judgment invalid and unenforceable. *Id.*

Defendant's reliance on the *Wolfe v. Culpepper Const. Inc.*, 104 So.3d 1132 (Fla. 2d DCA 2012) and *Mathis v. Cook*, 140 So.3d 654 (Fla. 5th DCA 2014) further proves the fallacy of its argument that its offer of judgment is valid. In *Wolfe*, there was a joint offer made to <u>one</u> offeree, *not* one offer made to <u>two</u> offerees. For this reason the *Wolfe* court held that the single offeree (the contractor) was able to independently decide to accept or reject the offer. In upholding the offer of judgment the Court relied upon the *Rossmore* decision and noted:

> A review of our precedent reveals that this principle inherently requires that **an offer of judgment must be structured such that either offeree can independently evaluate and settle his or her respective claim by accepting the proposal irrespective of the other parties' decisions. Otherwise, a party's exposure to potential consequences from the litigation would be dependently interlocked with the decision of the other offerees.** *Id.* at 1134 (emphasis added)

Similarly, the issue in *Mathis* was not whether an offer of judgment was conditional on another party's acceptance, but was whether the offers contained ambiguities rendering the same unenforceable. *Id.* at 656. Furthermore, it cannot be overlooked that *Mathis* involved two separate offers of judgment by a single defendant to a two plaintiffs. Neither of the *Mathis* offers

were conditioned on the acceptance of the other. Therefore, the *Mathis* offerees were able to independently decide to accept or reject their own offer.

Most illustrative of Defendant's illusory argument is its reliance on the *Duong v. Zaide*, 1563 So.3d 354 (Fla. 4th DCA 2014) decision, which involved a single offer to a single offeree, conditioned on that single offeree accepting the offer as to all of the multiple *offerors*. *Id.* at 359. In explaining its ruling, the *Duong* court cited *Wolfe* and *Rossmore* and reasoned:

> Unlike *Gorka*, which involved an offer to multiple *offerees* conditioned on acceptance of all the offerees, this case involves an offer to a single offeree, conditioned on that single offeree accepting the offer as to all of the multiple *offerors*. Since *Gorka* was issued in 2010, this court and other district courts have upheld this type of offer. *See Wolfe v. Culpepper Constructors, Inc.*, 104 So. 3d 1132, 1134 (Fla. 2d DCA 2012); *Rossmore v. Smith*, 55 So. 3d 680, 681 (Fla. 5th DCA 2011); *Andrews v. Frey*, 66 So. 3d 376, 379 (Fla. 5th DCA 2011); *Donovan Marine, Inc. v. Delmonico*, 40 So. 3d 69, 71-72 (Fla. 4th DCA 2010). **These decisions distinguish *Gorka* on the grounds that where there is only one offeree, it is the offeree's decision alone to accept or reject the proposal, without the decision being dependent on any other party.** Thus, *Gorka*'s concern that the offer there "divest[ed] each party [i.e., offeree] of independent control of the decision to settle" was not implicated. *Id.* at 359

This same prohibition against joint offers applies even if the offeror or offerees are husband and wife. *See Feldkamp v. Long Bay Partners, LLC*, 2012 U.S. Dist. LEXIS 127995, 2012 WL 3941773 (M.D. Fla. Sept. 10, 2012).

As with every case cited in Defendant's Reply, the offer of judgment in the present case was entirely dependent on both Patricia Bradfield and Joseph Bradfield accepting the offer and executing a general release. If Patricia Bradfield wanted to settle, she could not without the express consent of Joseph Bradfield and his execution of the joint release. Likewise, Joseph Bradfield could not accept the offer without Patricia Bradfield's consent and execution of the joint release. Regardless of the "unallocated damages" in the underlying Consent Judgment, neither Joseph Bradfield nor Patricia Bradfield could accept Defendant's offer of judgment

4

without the other's consent and execution of the joint release. The unambiguous language of Defendant's offer of judgment is such that neither Joseph Bradfield nor Patricia Bradfield could independently evaluate and settle his or her respective claim by accepting the proposal and that the decision to accept the offer was dependently interlocked with the decision of the other. *See e.g., Gorka*, 36 So.3d 646; *Paduru v. Klinkenberg*, 157 So.3d 314 (Fla. 1st DCA 2014); *Chastain v. Chastain*, 119 So.3d 547 (Fla. 1st DCA 2013); and *Schantz v. Sekine*, 60 So.3d 444 (Fla. 1st DCA 2011).

Therefore, Defendant's joint, conditional offer of judgment is invalid and Defendant's claim for attorneys' fees must be denied.

Respectfully submitted this 22nd day of January, 2016.

/s/

EDWARD P. JORDAN, II
Florida Bar No. 602711
Edward P. Jordan, II, P.A.
1460 East Highway 50
Clermont, Florida, 34711
Telephone: 352-394-1000
Attorney for Plaintiffs
pleadings@epjordanlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via by Email to: Melissa A. Gillinov, Esq. at mgillinov@hinshawlaw.com, DPhangSang@hinshawlaw.com; EFernandez@hinshawlaw.com; rkammer@hinshawlaw.com, on this on the 22nd day of January, 2016.

/s/

Edward P. Jordan, II

Litigation/Bradfield/Mid-Continent/Federal/Sur-Reply Mtn for Fees.doc